IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KATHRYN BAGGETT,**         ) | |
| Plaintiff,           ) | |
| v.                              ) | CIVIL ACTION 09-0364-KD-N |
| **FIRST PREMIER BANK; NUVELL**   )
**CREDIT COMPANY, LLC; EQUIFAX**
**INFORMATION SERVICES, LLC.;**   )
**TRANS UNION, LLC;** | |
| Defendants.         ) | |

**ORDER**

This matter is before the Court on the motion for partial dismissal filed by defendant Trans Union, LLC (Trans Union) and plaintiff Kathryn Baggett's response (docs. 13, 20). Upon consideration of the foregoing, and for the reasons set forth herein, the motion to dismiss is **GRANTED**.

Background

In her complaint, Baggett alleges that defendants violated the Fair Credit Reporting Act (FCRA), the Alabama Deceptive Trade Practices Act (ADTPA), and state law. Baggett alleges that defendants First Premier Bank and Nuvell Credit Company, LLC, continue to report that she has a current balance with both, instead of reporting that this debt was discharged in bankruptcy. Baggett alleges that defendants Equifax Information Services, LLC, and Trans Union, LLC, continue to publish this information on her credit report and have failed to implement or follow any reasonable procedure to assure the accuracy of the information published. Baggett seeks damages and equitable relief specifically injunctive and declaratory relief to establish this conduct as unlawful and enjoin the defendants from engaging in this conduct.

Statement of the law

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted.  A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990). Also, all factual allegations are to be construed in the light most favorable to the plaintiff.  See, e.g., Brower v. County of Inyo, 489 U.S. 593, 598 (1989); see Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").  The rules of pleading require "only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-555, 127 S.Ct. 1955, 1974 (2007).  However, even accepting the facts alleged as true, a court may grant a motion to dismiss if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Analysis

On motion to dismiss, Trans Union argues that Baggett's request for equitable, declaratory or injunctive relief as a private plaintiff is due to be dismissed because such relief is not available under the FCRA.  Trans Union also argues that the FCRA preempts state law to the extent those laws are inconsistent with the FCRA, therefore, equitable relief is not available for

Baggett's claims under the ADTPA and state law.  Trans Union argues that injunctive relief is available to the Federal Trade Commission but Congress did not create such relief for private plaintiffs.  Baggett responds that she has no objection to this Court granting the motion for partial dismissal.

This issue was recently addressed in <u>Hamilton v. DirecTV, Inc.</u>, - - -  F. Supp 2d - - -, 2009 WL 2487052  (M.D. Ala. August 14, 2009) (Albritton, S.J.).  In <u>Hamilton</u>, the District Court found as follows:

> District courts in the Eleventh Circuit have consistently held that equitable relief is not available to private citizens under the FCRA. <u>See</u>, e.g., <u>Jones v. Sonic Automotive, Inc.</u>, 391 F.Supp.2d 1064, 1065 (M.D. 2005) (Fuller, C.J.). In so holding, courts have noted that the sections that grant private rights of action for willful and negligent noncompliance with the FCRA list types of relief available to individuals, and that the list does not include equitable relief. <u>See</u> <u>Id</u>.; 15 U.S.C. §§ 1681n, 1681o.  In contrast, § 1681s(a), which discusses remedies available to the Federal Trade Commission and other agencies, specifically grants the FTC the right to seek injunctions for violations of the FCRA. <u>Jones</u>, 391 F.Supp.2d at 1065.  From this the courts have concluded that the exclusion of equitable remedies was purposeful, and that Congress intended the power to obtain injunctive relief to lie exclusively with the FTC. <u>Id</u>.; <u>Washington v. CSC Credit Services, Inc.</u>, 199 F.3d 662, 668-69 (5th Cir.2000).
>
> Hamilton does not dispute that equitable relief is not available to private litigants under the FCRA, and argues instead that she is entitled to declaratory and injunctive relief based on her state law defamation claim. In support, she cites 15 U.S.C. § 1681h(e), which states:
>
>> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

3

Hamilton contends that her request for declaratory and injunctive relief is not preempted by the FCRA because she has properly alleged that the CRAs acted knowingly and with malice in disclosing false information, and that, therefore, her claim for defamation and her requested relief is expressly permitted by § 1681h(e).

The court does not agree that § 1681h(e) supports Hamilton's request for equitable relief. Assuming without deciding that § 1681h(e) applies in this case, and that Hamilton's defamation claim is not preempted by the FCRA, § 1681h(e) does not address whether a plaintiff is entitled to use the state law claim as a basis for a request for remedies that are not available under the FCRA. See Smith v. Equifax Info. Services, LLC, 522 F.Supp.2d 822, 825-26 (E.D.Tex.2007) ("[Section 1681h(e) ] is irrelevant for the purpose of deciding whether a private litigant is precluded from this particular remedy that is injunctive relief"). Stated another way, even assuming Hamilton may assert a cause of action for defamation against the CRAs, it does not mean that she is entitled to seek injunctive and declaratory relief under the state law claim.

Because the court finds that § 1681h(e) does not entitle Hamilton to her request for declaratory and injunctive relief, the court turns to other provisions of the FCRA to determine whether the FCRA preempts Hamilton's request for equitable remedies. Section 1681t(a) states:

> "except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency."

The FCRA preempts state law to the extent that the state law is inconsistent with the FCRA. Id. Because the FCRA vests the FTC exclusively with the right to seek injunctive relief, the court finds that a state law claim that grants a private litigant access to equitable relief would frustrate and conflict with the FCRA. As another court in this district has recognized, the FCRA authorizes district courts to enforce "liability" under the act, not to ensure "compliance," which, according to the FCRA, is to be enforced by the FTC. Jones, 391 F.Supp.2d at 1066. "Allowing individuals to [seek injunctive relief] would undermine the discretion vested in the FTC." Id. (citing Mangio v. Equifax, Inc., 887 F.Supp. 283, 285 (S.D.Fla.1995)). Accordingly, the court finds that Hamilton's request for injunctive relief under state law is inconsistent with the FCRA, and, therefore, preempted under § 1681h(e) of the FCRA.

>Hamilton also asks that should the court conclude that injunction relief is not available in this case, that the court not dismiss her request for declaratory relief. The court does not find any basis for distinguishing between two remedies that are both unavailable to private litigants under the FCRA. See McDonald v. Equifax, Inc., No. 3:08cv0547-B, 2008 WL 5156690, *2 (N.D.Tex. Dec. 8, 2008) (holding that private litigants are limited to remedies provided them in §§ 1681n & o, which include only "statutory, actual, and punitive damages" and that "declaratory judgment is not a remedy available to private litigants under the FCRA"). Therefore, the court finds the Motion for Partial Dismissal is due to be granted as to both Hamilton's request for declaratory relief, and her request for injunctive relief.

Hamilton, 2009 WL 2487052, at *2-3.

Applying the rationale and analysis set forth in Hamilton, the court finds that Baggett's claims for equitable relief, including declaratory and injunctive relief are due to be dismissed.

Conclusion

Accordingly, for the reasons set forth herein, Trans-Union's motion for partial dismissal is **GRANTED** and Baggett's claims for equitable relief are **DISMISSED**.

**DONE** and **ORDERED** this 18th day of August, 2009.

> s / Kristi K DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**